IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NINA SHAHIN, | ) | 07 - 373 |
| | ) | |
| Plaintiff, | ) | |
| | ) | FILED |
| v. | ) | |
| | ) | JUN 1 2 2007 |
| STATE OF DELAWARE | ) | RG scannt |
| | ) | U.S. DISTRICT COURT |
| Defendant, | ) | DISTRICT OF DELAWARE |

**COMPLAINT**

COMES NOW Plaintiff, Nina Shahin, resident of the Kent County of the State of Delaware and files civil rights complaint against the State of Delaware which through its judiciary violated her civil rights provided for and guaranteed by the 14th Amendment of the US Constitution in three civil cases in different courts of the state. These violations were possible because of gross violations of the Plaintiff's constitutional rights of "due process" and "equal protection", federal law, professional standards for the state judges and attorneys promulgated by the state of Delaware, absence of meaningful mechanisms of enforcing those standards as well as rules of civil procedures of all related courts.

All three instances of civil rights violations are either related to or stemmed from the Plaintiff's case against the Delaware Federal Credit Union (further on DEFCU) who misclassified Plaintiff's and her husband's local check as a "non-local" and denied a timely access to their finds in violation of the § 229.12(b) of the Regulation CC which was issued by the Board of Governors of the Federal Reserve System that adopted by

1

this Regulation the *Expedited Funds Availability Act* enacted by the US Congress on August 10, 1987.

The essence of the case was that on 06/20/2005 the Plaintiff's husband deposited to the DEFCU a check for $320 drawn on their account at a local PNC bank. The check was misclassified as a non-local with extended clearing process and on 5/21/2005 the first NSF (non sufficient funds) fee was levied on the Plaintiff's and her husband's account and on 5/23/2005 the second NSF fee was levied on the same DEFCU account. After the Plaintiff's husband met on 06/25/2005 with the branch manager who refused to help in resolving the issue and failed to call him back with the information he had requested about getting a copy of the cancelled check the Plaintiff and her husband filed a first lawsuit in the Justice of the Peace court of the Kent county on 6/26/2005 on the first instance on the NSF fee and on 06/28/2005 filed a second lawsuit on the second instance of the NSF fee. If all procedural rules and the rules of law were followed the case should have been started and ended in the JP Court but it did not.

### 1. First instance of the civil rights violation

Both cases were heard on September 6, 2005 at which point they were separated. The judge, honorable Pamela Darling, recused herself on the first instance of the NSF fee occurred on June 21, 2005. On the second instance of NSF fee occurred on June 23, 2005 she conducted discussions only with the Defendant, listened exclusively to their side of the story and although established violation of the Regulation CC denied the Plaintiffs the statutory damages provided in the § 229.21 of the Regulations CC and dismissed the case with prejudice. The Plaintiff and her husband were shocked by the fact that the discussions between the judge and the Defendant were on the facts they had

no idea about and were actually not true but were denied the right to confront these allegations and provide their side of the story or corroborative evidence. They had later learned that the discussions between the judge and the Defendant were conducted on the basis of the Defendant's response which had not been mailed to the Plaintiff or her husband neither by the JP Court nor by the Defendant. In her decision the judge wrote the following as justification for denying the statutory damages to the Plaintiff and her husband and dismissed the case with prejudice: "In this case the Defendant was never given opportunity to pay the debt prior to Plaintiff filing case. After filing Defendant reviewed their record and admitted they had made an error and offered to correct the error. This was refused by Plaintiff". The regulation CC does not impose any obligation on Plaintiff to provide any notice or opportunity to pay before filing a lawsuit. Moreover, the Constitution of the state of Delaware in Title 6 that incorporated the Uniform Commercial Code in § 4-202(a) specifically imposes the obligation on the DEFCU of "ordinary care". The DEFCU cannot offer to pay something that they are obligated to pay by the matter of law. The judge wrote that nonsense because she did not give the opportunity for the Plaintiff to present her case or confront the Defendant's allegations that had been accepted by the judge without any questions. She also denied the Plaintiff's request to question the witness, the manager of the branch, whom the Plaintiff's husband met before filing the lawsuits and whom they had subpoenaed to the court and paid for the subpoena. The judge, Honorable Pamela Darling, violated the basic elements of the "due process" and "equal protection" which are 1. Notice, 2. Impartial Tribunal, 3. Confrontation and Cross Examination. The Plaintiff filed a complaint with the Chief Magistrate Judge and with the Court of the Judiciary but to no

avail. They appealed all the way to the Supreme Court of the United States. In the process there were additional violations of their rights of "due process", dishonesty of the judges (the Superior Court Judge falsified the decision of the JP Court), the opposing attorney consistently habitually making "false statements of facts" in violation of canons of professional conduct which in a simple language means he lied but the Plaintiff's complaint to the Disciplinary Board was dismissed. The attorney then filed a Motion to Affirm in the Supreme Court of Delaware in violation of all the terms of the Civil Rule 25(a) under which such Motion can be filed and the Supreme Court of the state of Delaware affirmed it. All appellate courts completely ignored the issue the Plaintiff consistently raised in each and every court of appeal of her constitutional rights violations.

2.   **Second instance of civil rights violation**

Since in the above-mentioned case the Plaintiff was not allowed to present the evidence that the "offer to correct the mistake" was an aggravated harassment of her husband that landed him in the emergency room of the Kent General Hospital and that the representative of the Defendant presented to the court written affidavits of false statements of facts that constituted perjury she filed on October 20, 2006 a lawsuit in the Superior Court for damages stemming from those actions. In December of 2006 the opposing attorney filed a Motion for Judgment on Pleadings. On January 19, 2007 the Plaintiff filed a response to that Motion. On 1/22/2007 the presiding judge, Honorable Robert Young dismissed the case with prejudice. Moreover, on March 16, 2007 the same judge awarded the attorney's fees in the amount of $ 2,500 in violation of the Civil Rule 54(i) of the Superior Court of Delaware that specifically prohibits awarding attorney's

4

fees. The Honorable Robert B. Young made his decision to dismiss the case with prejudice citing the doctrine of *Res Judicata* and in that decision made a reference to the Supreme Court decision in the case mentioned in the paragraph 1 above that had been issued on 1/24/2007, i.e. two days after his decision which is a clear indication of the judicial collusion. In the opposing attorney's filings he claimed that there had been a hearing on the pleadings and the attorney's fees held on January 19, 2007 which was a lie. There were no any hearings whatsoever on any of the issues either on pleadings or the award of the attorney's fees which is an equivalent to a judicial harassment. Taking into consideration that it is the same judge who falsified the facts in the case # 1 above the question of judicial impartiality in this case is a dominant issue of the civil rights violation and the standards of professional conduct. It is interesting to note that the judge rushed to his decision as soon as the Plaintiff mentioned in her Pleadings filed with the Superior Court on January 19, 2007 that during the appeal hearings on January 17, 2007 in the Court of Common Pleas (mentioned as a the third instance of violations below) the transcript of the hearing became a proof of false testimony of the Defendant which was a necessary evidence in this case as well as the fact that the Motion to Affirm in the case # 1 above had been filed in violation of the rule under which it had been filed. The Plaintiff questions whether the rush of both court decisions (the Superior and the Supreme on January 22, and 24 of 2007 respectively) was due to those claims and constitutes the collusion between the judges and the attorney. The Plaintiff was denied the necessary elements of the "due process" and "equal protection" of 1. Hearing, 2. Impartial Tribunal, 3. Confrontation and Cross-Examination and the 4. Decision on Record since the Superior Court decision failed to mention on basis of which law the

award of the fees had been awarded. There are additional issues of the judges and the attorney's violations of their respective standards of professional conduct.

### 3. Third instance of the civil rights violation

As it was mentioned in the case # 1 above on the first instance of the NSF fee during hearing on September 6, 2005 the judge, Honorable Pamela Darling recused herself and the case was heard under another presiding judge on 10/17/2007 and appealed to the Court of Common Pleas on 1/25/2005. Hearing on the appeal was held on January 17, 2007. It is the only hearing when the Plaintiff was allowed to subpoena every witness she wanted and question that witness to extend she wanted. But it is also the hearing rigged the most with violations of her constitutional rights of "due process' and "equal protection". The hearing was held not in the general court room specifically equipped for hearings but in private quarters of the judge, we suspect those of the judge Merrill C. Trader. While the Plaintiff and her husband were waiting in general waiting area outside the courtrooms, the Defendant's attorney, compliance officer (Renée Thompson) and all the witnesses were assembled in special room(s) in the judge's quarters. When the Plaintiff and her husband were finally invited to the room (actually some sort of conference room) the judge, attorney, and Ms Thompson had already been there which presumes the *ex parte communications* of the judge with all those people representing Defendant before the court hearing. After the court hearing the Plaintiff and her husband were asked to leave that room and wait again in the general area when the Defendant's attorney and Ms Thompson remained in the judge's private quarters apparently for consultations on impending verdict. Ms Thompson, who is the DEFCU compliance officer, was allowed to stay through the entire court hearing in violation of the Rule on

Witnesses and as a result could not have been questioned properly because her answers contained references to other witnesses' statements. And finally, and, possibly, because of the first two violations, the transcript of the court was falsified by removing certain information from one witness's statement and planting completely different information in the closing speech of the Plaintiff's husband, testimony of Ms Thompson and the closing argument of the opposing attorney. The presiding judge denied the Plaintiff access to the tape of the hearing to correct falsifications. The Plaintiff was denied the civil rights of "due process' and "equal protection" through violations of the element of 1. Impartial Tribunal, rules of civil procedure, and the judge's professional standards.

At this point the Plaintiff lost faith in the American Justice and respectfully requests a trial by a Jury. Plaintiff is not sure how much she should place the value on the right which is indispensable in any civil democratic society and which is supposed to be available without any dispute or violation to any citizen of this country, and, therefore, requests a         $ 1,000,000 for each of the violations for a total of $ 3,000,000.

Respectfully submitted on this day of June 11, 2007.

For the Plaintiff: _____

**NINA SHAHIN**

**103 Shinnecock Rd.
Dover, DE 19904
(302)678-1805**



07- 373

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
NINA SHAHIN

### DEFENDANTS
STATE OF DELAWARE

FILED
JUN 12 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

(b) County of Residence of First Listed Plaintiff   KENT
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   all three
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)   NONE
pro se (302) 678-1805

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
14th Amendment of the Constitution of the Unoted States
Brief description of cause:
three instances of violation of "due Process"&"Equal Protection"

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 3,000.000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): See Separate sheet related to this question
JUDGE                    DOCKET NUMBER

DATE  June 11, 2007
SIGNATURE OF ATTORNEY OF RECORD   N. Shahin

FOR OFFICE USE ONLY

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

## SEPARATE STATEMENT TO THE QUESTION NO. VIII

### 'RELATED CASES, IF ANY'

1. Case on Appeal at the Delaware Superior Court, docket No. CA 07A-02-0001, presiding Judge William L. Wytham.

2. Case on Appeal at the Delaware Supreme Court, docket No. 93, 2007 and does not have any judge assigned at this moment.

