*NINA SHAHIN, CPA, MAS, MST*
*103 SHINNECOCK RD. DOVER, DE 19904*
*Tel. (302) 678-1805*
*Fax (302) 678-0219*
E-mail: nshahin@comcast.net

---

July 18, 2007

U.S. District Court
844 N. King Street, Lockbox 18
Wilmington, DE 19801-3570

Attn.: **Honorable Chief Judge Gregory M. Sleet**

RE: Case No. 1:07-cv-373 (Nina Shahin v. State of Delaware)



BD scanned

Your Honor:

I filed the above-mentioned case on Jun 21, 2007 and until now the complaint has not been served on the Defendant, the State of Delaware. I am sending you Motions filed yesterday in one of the instances mentioned in that lawsuit with both Supreme and Superior Courts of Delaware. At this point that case turned into pure judicial harassment with complete disregard to the rules of law, procedure, and professional standards. It appears also that the Supreme Court is trying to clean up their files removing all compromising documents or rendering them "null and void". I would, therefore, ask you to add the attached documents to my original complaint since it has not been filed.

If by August 10, 2007 the complaint is not served on the Defendant and I do not get any notice from the court for any additional filings I have to do to get a service on the Defendant I will file a lawsuit against the State of Delaware in the U.S. Supreme Court asking for 'Extraordinary Writ' under the Court original jurisdiction under Article III, section 2 of the U.S. Constitution with request to take over the case.
Your kind and timely assistance in this case is greatly appreciated.

Sincerely,

**Nina Shahin, CPA**

**Attachments:**  1. Original of the 'Motion-Protest and the Request for a Court Ruling' filed at the Supreme Court of Delaware on 7/17/2007
2. Original of Plaintiff's Notice of not Attending Hearing on July 19, 2007" filed at the Superior Court of Delaware on 7/17/2007.
3. Copy of the Supreme Court Order of 07/11/2007


Nina Shahin, CPA, MAS, M
103 Shinnecock Rd.
Dover, DE 19904




7007 0220 0000 8335 6302

  
U.S. POSTAGE
DOVER, DE
JUL 18 07
AMOUNT
$9.40





**U.S. District Court**
844 King Street
U.S. Courthouse
Wilmington, DE 19801

 

   

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| **Mazen & Nina Shahin** <br><br> **Plaintiffs Below,** <br> **Appellant,** <br> v. <br><br> **Del-One, Delaware Federal Credit Union** <br><br> **Defendant Below,** <br> **Appellee,** | **No. 93, 2007** |

**MOTION-PROTEST AND THE REQUEST FOR A COURT RULING**

Plaintiffs-Appellants hereby file this Motion with the Supreme Court of the State of Delaware after receiving the Defendant's attorney's Motion for Attorney's Fees and Costs filed with the Superior Court of Delaware on July 9, 2007 copy of which is attached in the Exhibit A.

The Plaintiffs-Appellants protest the following:

1. The Delaware Supreme Court issued an order on June 11, 2007 to vacate the Superior Court decision of March 16, 2007 awarding the opposing attorney fees in amount of $ 2,500 (Exhibit B). Although the Appellants in their motions raised the issue of judicial harassment and violations of their constitutional rights of "due process" and "equal protection" in submitting, processing and issuance of the court order on the attorney's fees, the Supreme Court used the reason of "lack of jurisdiction" claiming that the Plaintiffs-Appellants' timely appeal filed with the Delaware Supreme Court on February 20, 2007 left the Superior Court with no jurisdiction over the matter of attorney's fees

filed by attorney in a Motion on February 26, 2007. It is surprising and illogical then for the Supreme Court to remand the issue back to the Superior Court for hearing on the issue over which it has no jurisdiction. The only explanation for such an illogical decision of this court can be given that the Supreme Court is trying to convey legitimacy to the unconstitutional decision of the Delaware Superior Court and the Appellants refuse to play any role in such a spectacle.

2. It is obvious that the Delaware Supreme Court is trying to provide a cover up for the complete denial of the basic constitutional rights to the Appellants by the Superior court judge in a process in which there were no proper notice, any type of hearing, any necessary attributes of an adversarial process like confrontation and cross-examination and finally, no any reference to law, rules, regulations or case law neither in the attorney's motion nor in the judge's decision and actually made in violation of the Rule 54(i) of the Superior Court Rules of Civil Procedure. In addition, there are all indications that the attorney and the judge acted in collusion culminating in the attorney's call to the Appellant on March 22, 2007 (six days after that unconstitutional Superior Court decision of the judge Robert B. Young) with the desire to settle on the money of the judgment. It is because of that telephone call the Appellants raised the issue of judicial harassment that the Supreme Court decided to ignore. It appears also that both the judge and the attorney violated their respective rules of professional conduct by filing, processing, and awarding the money on fraudulently filed motion on which the Superior Court had no jurisdiction.

3. The Supreme Court decision of June 11, 2007 in paragraph (4) also rendered null and void all filings of the parties to this court including Shahin's "Motion Filed under Rule 30(b)", "Shahin's opening brief and appendix, and Del-One's motion to affirm" although

no legal basis for such an annulment was given. It appears to the Appellants that the Delaware Supreme Court did not like the issue of collusion between the judges of Superior and Supreme courts and the corruption raised by the Appellants as well as the obvious violations by the attorney of the Del-One of all stipulations under which the Motion to Affirm can be filed. It is obvious that the Supreme Court is trying to provide the cover-up for all the violations of the Appellants' constitutional rights, rules of civil procedures and professional standards by judges and the attorney.

The Appellants have no doubts that the hearing on July 19, 2007 at the Superior Court on the subject over which the court has no jurisdiction because there is no "final judgment" in this case that is a necessary attribute for award of any court costs (Rule 54(d) of the Superior Rules of Civil Procedure) is staged specifically to convey legitimacy to the process previously conducted in a way that rendered that process unconstitutional to arrive at the same outcome as before. As in the famous saying "Fool me once shame on you, fool me twice shame on me" the Appellants do not believe in honesty or impartiality of the judge who had previously falsified the decision of the Justice of the Peace Court, denied them the statutory provisions of the Regulations CC and awarded the attorney fees in violation of the Rule 54(i) of civil procedures of the Superior Court (Rule 54(i) specifically says that "No appearance fees for attorney will be permitted or taxed as costs in any action or cause in the Superior Court"). Neither do they trust in honesty and professional integrity of the Supreme Court who consistently shielded judges and attorneys and provided cover-up for their violations.

The Appellants, therefore, put the Delaware Supreme Court on a notice that they will not attend the hearing on July 19, 2007 as a protest at the Supreme Court cover-up

action to convey legitimacy to unconstitutional decision of the Superior Court awarding opposing attorney's fees especially since the Superior Court does not have jurisdiction over that matter until a "final judgment" issued by a Supreme Court on the appeal in this case.

Secondly, they respectfully request this court to issue a ruling on the attorney's violations of the Delaware Lawyers' Rules of Professional Conduct by lying to the court about the hearing held on January 19, 2007 (Canon 3.3(a)(1) that prohibits an attorney from making "a false statement of fact... and ...failed to correct a false statement of material fact previously made to the tribunal") as well as submitting legally meritless Motion for Attorney's Fees in violations of rules of civil procedures of the Delaware Superior Courts (Canon 3.1 "A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a goof faith argument for an *extension, modification, or reversal of existing law*" (emphasis added by Appellants).

Respectfully submitted on this 17th day of July, 2007,

on behalf of the Plaintiffs-Appellants,

*N. Shah*
Nina Shahin

103 Shinnecock Rd.
Dover, DE 19904
(302)678-1805

4

Case 1:07-cv-00373-GMS    Document 6-2    Filed 07/20/2007    Page 5 of 16

# **EXHIBIT A**

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| NINA SHAHIN, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 06C-10-027 RBY |
| | ) | |
| v. | ) | NON-ARBITRATION |
| | ) | |
| DEL-ONE DELAWARE FEDERAL | ) | TRIAL BY JURY DEMANDED |
| CREDIT UNION, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR ATTORNEY'S FEES AND COSTS**

Defendant, Del-One Delaware Federal Credit Union ("Del-One") by and through the undersigned counsel, hereby moves this Court for an Order requiring Plaintiff to pay all of the attorney's fees incurred in connection with its defense of this action. In support of this motion defendant avers as follows:

1. On or about October 20, 2006, Plaintiff filed a Complaint against Del-One for alleged incidents involving banking transactions that occurred in October 2003, May 2004, December 2004, March 2005 and June 2005. (D.I. 2 at ¶ 3).

2. Del-One filed its Answer and Affirmative Defenses to this action on November 15, 2006 (D.I. 9), and its Motion for Judgment on the Pleadings on December 21, 2006 (D.I. 12).

3. This suit was the latest in a series of lawsuits and appeals that Plaintiff has brought against Del-One over the past eighteen months, all involving meritless claims or claims that have either already been considered and decided in favor of Del-One on the merits in other Courts of this State, or that were pending before other Courts of this State.

4. A hearing on defendant's Motion for Judgment on the Pleadings was held on

January 19, 2007.

5. During that hearing the Court granted defendant's motion and ordered that based on the record and facts presented in the case, and request by counsel, that the Plaintiff be required to pay the attorney's fees and expenses incurred by Del-One to defend the case.[1]

6. The Court entered a written Order in this matter on January 22, 2007.[2] (D.I. 24).

7. Attached to this motion is a declaration by defendant's counsel, detailing the time, fees and expenses incurred defending this case. The total fees and disbursements of $10,207.53[3] are well in accord with usual practices and charges in this area of law, given the nature and extent of the case.

WHEREFORE, it is respectfully requested that as ordered during the January 19, 2007 hearing, the plaintiff be assessed the attorney's fees and costs incurred by defendant in defending this action or another amount that the court deems fair and appropriate.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Monté T. Squire, Esquire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-391
Telephone: (302) 571-6713
msquire@ycst.com

*Attorney for Defendant Del-One Delaware Federal Credit Union*

Dated: July 9, 2007

---

[1] All papers and prior filings in this case are incorporated herein by reference.

[2] However, the written Order did not contain the provision for attorney's fees. and there is no transcript available from the January 19, 2007 hearing.

[3] Since the filing of the original motion, defendant has incurred an additional $3,742.74 in fees and expenses defending this case. Plaintiff has since filed a petition for writ certiorari in the U.S. Supreme Court and an appeal in the Supreme Court of Delaware.

2

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| NINA SHAHIN, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 06C-10-027 RBY |
| | ) | |
| v. | ) | NON-ARBITRATION |
| | ) | |
| DEL-ONE DELAWARE FEDERAL CREDIT UNION, | ) | TRIAL BY JURY DEMANDED |
| | ) | |
| Defendant. | ) | |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that the attached Motion For Attorney's Fees and Costs is scheduled to be heard by the Court on Thursday, July 19, 2007 at 9:30 a.m.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Monté T. Squire, Esquire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6713
Email: msquire@ycst.com

*Attorney for Defendant Del-One Delaware Federal Credit Union*

Dated: July 9, 2007

**EXHIBIT B**

EFiled: Feb 26 2007 5:05PM EST
Transaction ID 13928862
Case No. 06C-10-027-RBY

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| NINA SHAHIN, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 06C-10-027 RBY |
| | ) | |
| v. | ) | NON-ARBITRATION |
| | ) | |
| DEL-ONE DELAWARE FEDERAL CREDIT UNION, | ) | TRIAL BY JURY DEMANDED |
| | ) | |
| Defendant. | ) | |

### ORDER

AND NOW, upon consideration of Defendant Del-One Delaware Federal Credit Union's Motion for Attorney's Fees and Costs and good cause for the Motion having been shown and upon finding that Defendant is entitled to judgment in its favor,

IT IS HEREBY ORDERED, this _16th_ day of _March_, 2007, that the Defendant's Motion for Attorney's Fees and Costs _IN THE AMOUNT OF $500.00_ is GRANTED.

_____
Judge Robert B. Young

RECEIVED AND FILED
2007 MAR 16 AM 10:20
KENT COUNTY PROTHONOTARY

DB02:5792621.1                                                                                     065810.1001

## CERTIFICATE OF SERVICE

I, NINA SHAHIN, CPA

Hereby certify that two copies of this MOTION-PROTEST AND REQUEST FOR A DECISION has been mailed today, July 17, 2007 by certified mail to the attorney, Monté T. Squire, Esq., at the following address:

> The Brandywine Bldg.
> 100 West Street, 17th Floor
> Wilmington, DE 19801

and a return receipt is requested:

Date: July 17, 2007

*N. Shahin*
(signature)

Nina Shahin, CPA

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

RECEIVED AND FILED
07 JUL 17 AM 11: 37
KENT COUNTY
PROTHONOTARY

| | |
|---|---|
| **NINA AND MAZEN SHAHIN,** ) | |
| ) | |
| **Plaintiffs** ) | |
| ) | Civil Action No.06C-10-027 RBY |
| ) | |
| **DEL-ONE Delaware Federal Credit Union** ) | |
| **Former** ) | |
| **DE FEDERAL CREDIT UNION,** ) | |
| ) | |
| **Defendant** ) | |

### PLAINTIFF'S NOTICE OF NOT ATTENDING HEARING ON JULY 19, 2007

NOW COMES the plaintiffs and give a notice to this court that they will not attend a hearing on attorney's fees scheduled for July 19, 2009 for the following reasons:

1. This court is without jurisdiction on the issue for attorney's fees because the case is presently on appeal at the Superior Court and there is no "final judgment" rendered so far which is necessary for hearing the case for any cause for awarding court costs per rule 54(d) of the Superior Court Rules of Civil Procedure.

2. Even if the attorney's fees could be considered as court costs, the Rule 54(i) of Superior Court Rules of Civil Procedure specifically prohibits the award of the attorney fees by a Superior Court in any action and the attorney in his motion failed to indicate the reason why this rule should be disregarded. Failing to make a reference to a law that governs request of his Motion as well as specifying why the law should not be applied is a violation of Canon 3.1 of the Delaware Lawyers Rules of Professional Conduct.

3. Scheduling a hearing on a matter that has no legal substance because there is no legal precedent of awarding attorney's fees in a *pro se* representation, no jurisdiction, and so many violations of the law, procedure, and rules of professional conduct is nothing short of judicial harassment.

Submitted on behalf of both Plaintiffs

*N. Shahin*

**NINA SHAHIN, CPA**

**For both plaintiffs**

In *pro se* representation
103 Shinnecock Rd.
Dover, DE 19904
**July 17, 2007**                                Tel. (302) 678-1805

1

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

| | |
|---|---|
| **Nina and Mazen Shahin** | ) |
| | ) |
| | ) Civil Action No.06C-10-027 RBY |
| **vs.** | ) |
| | ) |
| **Delaware Federal Credit Union** | ) |

### CERTIFICATE OF SERVICE

I certify that two copies of the foregoing Plaintiff's Notice Of Not Attending Hearing On July 19, 2007 were mailed to the attorney of the defendant to the following address:

        Young Conaway Stargatt & Taylor, LLP
        Monté T. Squire, Esq.
        The Brandywine Building
        1000 West Street, 17th floor
        Wilmington, DE 19899-0391
        (302)571-6713

by a certified mail with return receipt on this 17 day of July, 2007.

                                              Nina Shahin
                                              For both plaintiffs
                                              In *pro se* representation
                                              103 Shinnecock Rd.
                                              Dover, DE 19904
                                              Tel. (302) 678-1805

Date:               July 17, 2007

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MAZEN and NINA SHAHIN, | § § | No. 93, 2007 |
| Plaintiffs Below, | § | |
| Appellants, | § § | Court Below—Superior Court of the State of Delaware, in |
| v. | § § | and for Kent County |
| DEL-ONE DELAWARE FEDERAL CREDIT UNION, | § § § | |
| Defendant Below, Appellee. | § § § | C.A. No. 06C-10-027 |

Submitted: May 22, 2007
Decided:  June 11, 2007

Before **HOLLAND, BERGER** and **JACOBS,** Justices.

### ORDER

This 11th day of June 2007, it appears to the Court that:

(1) The plaintiff-below/appellant, Nina Shahin, has appealed the Superior Court's order of January 22, 2007, that dismissed Shahin's complaint filed against defendant-below/appellee Del-One Delaware Federal Credit Union ("Del-One"). Shahin filed the notice of appeal on February 20, 2007.

(2) On February 26, 2007, Del-One filed a motion for attorney's fees in the Superior Court. The Superior Court issued a ruling on Del-One's motion on March 16, 2007.

(3) Based upon a limited review of the record, the Court has concluded that the Superior Court was without jurisdiction when it ruled upon Del-One's motion for attorney's fees because that motion was not pending at the time Shahin filed this appeal.[1] Shahin's appeal filed on February 20, 2007, invoked the jurisdiction of the Court and served to preclude further Superior Court proceedings as of that date.[2] Consequently, the Court will vacate the Superior Court's March 16, 2007 order on attorney's fees as improvidently issued and will remand this matter to the Superior Court for further proceedings.

(4) The Court will take no action with respect to the parties' pending submissions on appeal as those filings are hereby rendered null and void.[3] The Clerk will issue a new brief schedule to the parties upon the Superior Court's return of this matter from remand.

NOW, THEREFORE, IT IS ORDERED that:

A. The Superior Court's order of March 16, 2007, is VACATED, *sua sponte*, and this matter is REMANDED, with jurisdiction retained, to the Superior Court for a hearing on Del-One's motion for attorney's fees.

---

[1] Compare *Lipson v. Lipson*, 799 A.2d 345 (Del. 2001).
[2] *Bowen v. E.I. DuPont de Nemours and Co., Inc.*, 879 A.2d 920, 922 (Del. 2005) (citing *Radulski v. Delaware State Hosp.*, 541 A.2d 562, 567 (Del. 1988); *Eller v. State*, 531 A.2d 951, 952 (Del. 1987)); *Dixon v. DCSE/Dixon*, 1993 WL 102557 (Del. Supr.).
[3] Those submissions include Shahin's motion to vacate and all related responses, *e.g.*, Shahin's "Motion Filed under Rule 30(b)," Shahin's opening brief and appendix, and Del-One's motion to affirm.

2

  B. The Superior Court is directed to issue a written decision on Del-One's motion for attorney's fees within sixty days and file with this Court a transcript of the hearing on remand.[4]

           BY THE COURT:

           /s/ Carolyn Berger
           Justice

---

[4] Del. Supr. Ct. R. 19(c) (2007).

3