IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NINA SHAHIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-373-GMS |
| | ) |
| STATE OF DELAWARE, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM**

The plaintiff, Nina Shahin ("Shahin") filed this rights action alleging her constitutional rights were violated by the State of Delaware and its judiciary in three civil cases venued in different courts in Delaware. (D.I. 2.) She appears *pro se* and was granted leave to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915. (D.I. 4.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915.

For the reasons discussed below, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I. THE COMPLAINT**

Shahin alleges her civil rights were violated on three different occasions, all violations related to, or stemming from, a case against the Delaware Federal Credit Union. Shahin alleges the first instance occurred when she and her husband filed one case in the Justice of the Peace Court of Kent County on June 26, 2005, and another other case in the Court of First Instance on June 28, 2005. The cases were heard together. Shahin took exception to the actions and rulings of Delaware State Judge Pamela Darling, whom she alleges, violated the basic elements of due process and equal protection. She and her husband filed a complaint with the Chief Magistrate

Judge, the Court of the Judiciary, and appeals, all to no avail. Shahin alleges all appellate courts completely ignored the issues she raised "in each and every court of appeals of her constitutional rights."

Shahin alleges her constitutional rights were violated a second time when a case she filed was dismissed with prejudice by the Honorable Robert Young and attorney's fees were awarded to opposing counsel. Shahin alleges the judge rushed to his decision, and further alleges there was collusion between the judges and the attorney. Once again, Shahin alleges she was denied her right to due process and equal protection.

Shahin alleges her constitutional rights were violated a third time because a hearing she participated in was "rigged" and this is where the most constitutional violations occurred. Shahin presumes ex parte communications occurred, complains that the compliance officer for the Delaware Federal Credit Union was allowed to be present throughout the entire court hearing, alleges the transcript was falsified, and complains that the presiding judge denied Shahin access to the tape to correct falsifications. Again, Shahin alleges she was denied her right to due process and equal protection. She seeks $3,000,000 in compensatory damages

## II. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Section 1915(e)(2)(B) provides that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In performing the court's screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Fullman v. Pennsylvania Dep't of Corr.*, No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). Additionally, a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the. . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

Because the plaintiff proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

### III. DISCUSSION

Shahin names as defendants the State of Delaware and its judiciary. The Eleventh

Amendment proscribes any suit against a state, or against a state agency or department or state official where "the state is the real, substantial party in interest," unless the state consents to suit. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-101 (1984); *see MCI Telecom. Corp v. Bell Atlantic of Penn.*, 271 F.3d 491 (3d Cir. 2001) (states are generally immune from private suits in federal court). The Eleventh Amendment is a "jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 (3d Cir. 1996) (citing Pennhurst State *School & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984)). Neither the State of Delaware nor its judiciary have waived their Eleventh Amendment immunity, and therefore, they are immune from suit.

The court notes that Shahin makes mention of, but does not name as defendants, several members of the Delaware judiciary. Judges are absolutely immune from suits for monetary damages and such immunity cannot be overcome by allegations of bad faith or malice. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Furthermore, judicial immunity can only be overcome if the judge has acted outside the scope of his judicial capacity or in the "complete absence of all jurisdiction." *Id.* at 11-12.

Shahin takes exception to the handling of her cases in state court and recites a litany of complaints. Despite her numerous allegations, it is obvious after a thorough perusal of the complaint that the mentioned judges did not act outside the scope of their judicial capacities, or in the absence of their jurisdiction. *Mireles*, 502 U.S. at 11. Based upon the foregoing, the complaint has no arguable basis in law or in fact. It is frivolous and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## IV. CONCLUSION

Based upon the foregoing analysis, the complaint is dismissed for failure to state a claim upon which relief may be granted and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976). An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

Nov 13 , 2007
Wilmington, Delaware

FILED
NOV 14 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NINA SHAHIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-373-GMS |
| | ) |
| STATE OF DELAWARE, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

At Wilmington this 13th day of Nov., 2007, for the reasons set forth in the Memorandum issued this date, the complaint is DISMISSED for failure to state a claim upon which relief may be granted and as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile.

CHIEF, UNITED STATES DISTRICT JUDGE

FILED

NOV 1 4 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE